IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JAMIE COURTWAY,                           )
                                          )
        Petitioner,                       )
                                          )
                                          )   CIV-06-333-F
v.                                        )
                                          )
GARFIELD COUNTY SHERIFF,[1]               )
                                          )
        Respondent.                       )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the convictions for Possession of a Controlled Dangerous Substance, Burglary in the Second Degree, and Unlawful Possession of Drug Paraphernalia entered against Petitioner pursuant to a guilty plea in the District Court of Garfield County, Case No. CF-2004-599. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules governing Section 2254 Cases, the habeas petition has been promptly examined, and for the reasons stated herein, the undersigned

---

[1] Petitioner named the "Garfield County Sheriff Dept" as the only Respondent. However, the proper Respondent is the state officer having custody of Petitioner. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. In this case, the proper Respondent is the Garfield County Sheriff who has custody of Petitioner, and this substitution is *sua sponte* made to name the proper Respondent in this habeas proceeding.

1

recommends that the Petition be dismissed without prejudice upon filing for failure to exhaust state court remedies.

I. Background

In his Petition filed March 29, 2006, Petitioner states that he entered a guilty plea to the charges of Possession of Controlled Dangerous Substance, Burglary in the Second Degree, and Unlawful Possession of Drug Paraphernalia, and that he was sentenced for these convictions to an aggregate ten-year suspended sentence. Petitioner represents that he attempted to appeal these convictions but that his appeal was "not granted" or "overlooked" by the district court. He alleges an application to revoke his suspended sentence was filed in the district court because of two new criminal charged filed against him. Petitioner states that his suspended sentences were revoked on December 2, 2005, and he was sentenced to serve an aggregate ten-year term of imprisonment. Petitioner states that he "ha[s] since appealed" the convictions and sentences. With respect to his convictions, Petitioner alleges that his plea was involuntary and unknowing and that he was denied effective assistance of counsel.

II. Analysis

Federal law provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). See Baldwin v. Reese, 541 U.S. 27, 29 (2004); Anderson v. Harless, 459 U.S. 4 (1982); Rose v. Lundy, 455 U.S. 509 (1982). In this circuit, a habeas

petitioner satisfies the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir.), cert. denied, 506 U.S. 924 (1992). See also 28 U.S.C. §2254(b)(i) and (ii). A habeas petition containing unexhausted claims is subject to dismissal unless the petitioner establishes that a recognized exception to the exhaustion requirement applies to excuse the lack of exhaustion. Miranda, 967 F.2d at 398; accord, Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert. denied, 517 U.S. 1223 (1996); White v. Meachum, 838 F.2d 1137, 1138 (10th Cir. 1988).

Exceptions to the exhaustion requirement have been recognized (1) where the state has resolved the same issue, as in Brown v. Allen, 344 U.S. 443, 447 (1953), and Goodwin v. Oklahoma, 923 F.3d 156, 158 (10th Cir. 1991); (2) "where the claim has been presented as of right but ignored (and therefore impliedly rejected)," as recognized in Castille v. Peoples, 489 U.S. 346, 351 (1989); and (3) where "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would ... find the claims procedurally barred," as recognized in Coleman v. Thompson, 501 U.S. 722, 732 (1991)("habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him"). See also Castille, 489 U.S. at 351 (exhaustion may exist if habeas petitioner's claims are procedurally barred under state law); Wallace v. Cody, 951 F.2d 1170 (10th Cir. 1991)(exhaustion requirement satisfied if resort to state collateral remedy is futile). In

addition, in <u>Harris v. Champion</u>, 938 F.2d 1062 (10th Cir. 1991), the circuit court recognized that exhaustion of state remedies is excused where circumstances exist causing the remedial process to be "ineffective to protect the rights of the prisoner" due to excessive delay. <u>Id.</u> At 1064.

    Petitioner acknowledges that he has initiated an appeal from his convictions and sentences in Case No. CF-2004-599. Public records available on the world wide web, and of which the undersigned takes judicial notice, reflect that Petitioner filed a notice of intent to appeal in <u>State of Oklahoma v. Jamie M. Courtway</u>, Case No. CF-2004-599, in the District Court of Garfield County on December 12, 2005 (docket sheet in Case No. CF-2004-599 located on Oklahoma State Courts Network ("OSCN") website). This notice was filed by Petitioner's court-appointed trial counsel. Thus, Petitioner has taken the first step toward filing an appeal in the Oklahoma Court of Criminal Appeals. Rule 2.1(B), Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app.

    Based on a review of the Petition and judicially-noticed public records, the undersigned finds that Petitioner has not fully exhausted his available state court remedies. Petitioner has not shown that he is unable to litigate his constitutional claims in an appeal. <u>See</u> <u>Hernandez</u>, 69 F.3d at 1092 (habeas petitioner has burden of showing state court remedies have been exhausted). There exist well-established avenues for pursuing an appeal with court-appointed counsel and with records made at state expense upon a showing of indigency. Rule 1.14, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app. Even though the time for appealing his convictions may have expired, Petitioner

may pursue an out-of-time appeal from the convictions by following a specific procedure and by satisfying certain prerequisites. See Smith v. State, 611 P.2d 276, 277 (Okla. Crim. App. 1980)(establishing procedure by which a defendant could seek an out-of-time appeal). He may also directly appeal the revocation of his suspended sentences. See Rule 2.1, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, app.; Rule 1.2(D)(4)("Review of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal."); Okla. Stat. tit. 22, § 991b(D)(providing right to appeal revocation of suspended sentence). Because Petitioner has failed to demonstrate either that he has satisfied the exhaustion requirement or that he has "no available state avenue of redress," the Petition should be dismissed without prejudice to the filing of a new habeas petition following exhaustion of state court remedies.

Once Petitioner has challenged his convictions and sentences in an appeal and/or through the state's post-conviction procedure, he may then bring his constitutional claims to federal court in a federal habeas petition. The one-year limitation period for a 28 U.S.C. § 2254 habeas petition filed by a state prisoner begins to run on "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[ ]." 28 U.S.C. § 2244(d)(1)(D). Petitioner's appeal and/or post-conviction proceedings will toll the running of the limitation period during the pendency of the appeal and/or post-conviction application. This is not a case in which the one-year statute of limitation under 28 U.S.C. § 2244(d) has run or in which the deadline is fast approaching. Petitioner's second habeas petition, if timely filed, will not be considered second or

successive if this Petition is dismissed without prejudice on the basis of Petitioner's failure to exhaust state court remedies. See Slack v. McDaniel, 529 U.S. 473, 485-486 (2000); McWilliams v. Colorado, 121 F.3d 573, 575 (10th Cir. 1997). Petitioner has not alleged, nor do state court records demonstrate, that he has sought and been denied leave to proceed on appeal. Accordingly, the Petition should be dismissed without prejudice based on Petitioner's failure to exhaust state court remeides.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED without prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 24th___, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___4th___ day of ___April___, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

6

Case 5:06-cv-00333-F     Document 5     Filed 04/04/2006     Page 7 of 7